AYRES, Judge.
By this action, plaintiff, as the administrator of the estate of his 7-year-old minor son, seeks to recover damages for personal injuries sustained by the son, and, in his individual capacity, reimbursement of hospital and medical expenses expended in the treatment of his son’s injuries.
This action arose out of an accident occurring on Line Avenue extension near the Hulcee Street intersection in the City of Shreveport. The accident occurred as the minor, on foot, was crossing Line Avenue extension from east to west. He was struck by a Pontiac automobile owned and operated at the time by defendant, Russell C. Peterson, who was proceeding south on Line Avenue extension.
The trial court concluded, from the evidence, that the defendant was not at fault and accordingly rejected plaintiff’s demands. From an adverse judgment, plaintiff appealed.
The issues, factual in character, relate to the proposition as to whether the defendant, Peterson, should have seen the minor in the street at such time and distance away as to have afforded him an opportunity to have taken appropriate action to prevent the accident. There was no evidence of defendant’s excessive speed. Nor did the evidence establish that defendant actually saw the minor in time to prevent the accident. Hence, as stated, the question is whether defendant should have seen the child when he had both time and opportunity to have taken action to avoid the accident.
The accident occurred beyond the crest of a hill on Line Avenue extension. Ap *519 proaching the crest from the north, the hill, according to drawings filed in evidence, had a rise of approximately 30 feet within a distance of 600 feet and, from the south, approximately 15 feet in a distance of 360 feet. Line Avenue extension is a 4-lane thoroughfare, two lanes for both north- and south-bound traffic.
The evidence discloses that five colored youths living in the vicinity of the scene of the accident but west of Line Avenue extension, on returning from a snack bar on Louisiana Avenue, a block east of the scene of the accident, congregated near the intersection of Hulcee Street with Line Avenue extension. Three of these youths, including Justin Wayne Linnear, proceeded into Line Avenue extension. Justin Wayne Linnear reached the middle of the street; the other two turned and retreated to the east side of the avenue. The youth later injured remained in the middle of the street apparently confused and, after hesitating, darted westward in an effort to complete his crossing of the street. He was struck by the Peterson car in the inner southbound traffic lane. Before striking the youth, Peterson’s car skidded approximately 14 feet and, after the impact, carried the boy about 84 feet, where he was dropped upon the concrete. The car proceeded a short distance beyond and stopped in the outer southbound traffic lane.
According to Peterson, he came over the crest of the hill and was within possibly 50 feet of the youth when he saw the boy. Peterson attributed his failure to sooner see the child to the steep incline of the hill and to a pickup truck which he said he met and passed on the crest of the hill. Thus Peterson reasoned that the three youths came into the avenue behind that truck. When Peterson saw the youth in the middle of the street, the other two were retreating easterly, as aforesaid, across the northbound traffic lane of the avenue.
Rivers, a civil engineer, in a pickup truck proceeding north, uphill toward the scene of the accident, while not testifying as to the presence of the truck to which Peterson referred, nevertheless admitted the possibility of its presence. Moreover, Charley Field, one of the colored youths, 11 years of age, corroborated Peterson’s testimony in this respect. Field testified that Justin Wayne Linnear ran out from behind the northbound truck, when he was hit by the Peterson car.
Plaintiff offered testimony, however, to the effect that an object four feet in height, stationed at the intersection of Hulcee Street, could be seen at an eyelevel of 5Yz feet above the street’s surface a distance of 420 feet. No showing was made as to the view a motorist seated in a car would have had of the child at the intersection or in the middle of the street at any specific distance from him. Nor do the photographs offered in evidence establish that Peterson could have seen the child sooner than he did. Neither the position, height, nor location of the camera, when the pictures were taken, was established. Therefore, it is impossible to determine, from the photographs, the view Peterson may have had at any given distance from the scene of the accident.
We are not unmindful of the principle, well established in the jurisprudence of this State, that a motorist is held to a high degree of care and must anticipate the unexpected actions of children when they are observed on or near a street or highway, and that a motorist who strikes a child while crossing a street or highway is likewise responsible if he did not see the child but should have seen it at a distance which would have enabled him to avoid striking the child. However, as heretofore pointed out, the evidence does not establish fault or negligence on the part of the defendant, Peterson.
We find no manifest error in the conclusions reached by the trial court.
The judgment appealed is, accordingly, affirmed at plaintiff-appellant’s cost.
Affirmed.